**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**ANTHONY R. MURPHY,**

                **Plaintiff,**

     **v.**                       **CASE NO. 06-3249-SAC**

**JIM JENSEN, et al.,**

                **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

    This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Geary County Detention Center, Junction City, Kansas (GCDC). Plaintiff names as defendants Jim Jensen, Sheriff of Geary County, Kansas; J.L. Parker, Captain of Deputies at GCDC; and Glen Irwin, Shift Supervision at GCDC.

<u>**FILING FEE**</u>

    Plaintiff has filed a Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2), and has attached an Inmate Account Statement in support, as statutorily mandated. Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposit or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $140.00 and the average monthly balance is much less. The court therefore assesses an initial partial filing fee of $28.00, twenty percent of the average monthly deposit, rounded to the lower half dollar.

Plaintiff will be granted time to submit the partial filing fee of $28.00.

**CLAIMS**

Plaintiff claims he is being denied necessary medical treatment at the GCDC. In support he alleges there is no access to a psychiatrist at the GCDC, and he is in need of medical attention and medication[1] for diagnosed bi-polar disorder, which has been denied. However, plaintiff also alleges he has been "started on some medication that was prescribed" previously by his psychiatrist in Colorado, but complains the dosage may be wrong and he must consult with a psychiatrist about the proper dosage.

Plaintiff also complains that there is no physician at the GCDC. He alleges he has been diagnosed with Hepatitis C, his condition is serious enough that he was scheduled for a liver biopsy in August, 2006, and this condition must be monitored. He alleges he has had blood drawn by a nurse, but has not been seen by a physician since he was incarcerated on June 22, 2006.

Plaintiff additionally claims he is being denied access to legal materials. In support he alleges he has requested legal materials "on a number of occasions," which have not been provided. He states he has been referred to his public defender attorney, who tells him he is too busy.

Plaintiff also generally complains about other conditions of his confinement, which he alleges are "bordering on

---

[1] Plaintiff alleges he has been on "psychotic medications" for six years, and needs access to a psychiatrist to prescribe these medications.

unconstitutional" such as lack of adequate exercise and sanitation. His allegations regarding lack of exercise are sufficient to state a claim of possible constitutional violation. However, he alleges no facts in support of a claim regarding sanitation or other general conditions. He states a "close inspection" of "policies, sanitation and accessability" at the GCDC facility is needed.

Since filing his complaint, plaintiff has submitted two letters, each filed as "supplement to complaint." Plaintiff is directed that in order to submit additional materials to the court, he must put the caption of the case with the case number on the top page of his submissions. In the first supplement, plaintiff alleges he asked to be put "in isolation," but was not placed there until after he filed this lawsuit, and now claims continuing him in isolation is retaliatory. He states the situation with his medication has been resolved and he is "back on track with (his) medication." He wishes someone could come and investigate. He also claims he is having a problem with urination and not receiving medical care for it.

In his second supplement, plaintiff again complains of being forced to live in isolation and of several conditions and restrictions in that status, and claims retaliatory motive.

The relief actually requested is for plaintiff to be immediately examined by a physician and a psychiatrist, to be given "full access to a legal library or someone to get copies of material from a legal library immediately to help in (his) defense," and for an award of compensatory as well as punitive damages for "mental anguish" resulting from denial of medication. No relief seems to be sought for denial of exercise, or other general conditions such as

lack of sanitation.

**SCREENING**

Because Mr. Murphy is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**FAILURE TO ADEQUATELY PLEAD EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The court is concerned that plaintiff could have serious medical needs, which are not being adequately addressed. However, the court may not act without a clear showing of total and proper exhaustion of all available administrative remedies. In theory and hopefully in practice, plaintiff should receive quicker and more efficient relief for complaints regarding conditions and treatment at a detention facility through jail grievance procedures than through litigation in federal courts.

It is not clear that plaintiff has sufficiently pled exhaustion of administrative remedies. 42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted." See Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). The

4

United States Supreme Court has held that this exhaustion requirement is mandatory and may not be disregarded by the court. Porter v. Nussle, 534 U.S. 516, 520 (2002). Exhaustion under Section 1997e(a) is a pleading requirement imposed upon the prisoner plaintiff. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004). It follows that a complaint that fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted. Id. The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions to the complaint, or . . . describe with specificity the administrative proceeding and its outcome." Id.

The Tenth Circuit has also determined that "total" exhaustion is required. Ross v. County of Bernalillo, 365 F.3d 1181, 1188,-89 (10th Cir. 2004). Under the total exhaustion prerequisite, plaintiff must have presented each and every claim raised in his complaint and supplements by way of the available administrative grievance procedures, or the action is subject to dismissal without prejudice. Plaintiff alleges facts supporting claims of denial of medical and psychiatric treatment, and denial of adequate exercise. He claims denial of access to the courts and complains of other conditions, such as isolation and its restrictions, but does not allege sufficient facts to support these claims. However, if he intends to proceed on all these claims, he must show exhaustion on each and every one.

Plaintiff has attached copies of a few grievances filed by him at the GCDC. One dated July 17, 2006, and another dated August 2, 2006, are general complaints of having put in numerous sick call

5

requests but not being seen by a doctor or psychiatrist. Complaint (Doc. 1) Attach. "D" pgs. 2, 4. In response to the July grievance, plaintiff was referred to a nurse, and it does not appear that he appealed this grievance further. In response to the August grievance, the Chief Jailer stated "you were seen at the E.R. last week. If you think you need to be seen by a psychiatrist, talk to your attorney and get an order." Id. In another grievance dated July 28, 2006, plaintiff states he is bi-polar, needs to see a psychiatrist and receive medication, and his requests are being denied. The shift supervisor's response was that plaintiff had seen the nurse on July 27, 2006. On appeal, the chief jailer's response was that "PMH had been contacted," and the jailer could not "make them come" see plaintiff.

These exhibits do not demonstrate that plaintiff has totally exhausted the available administrative remedies on all claims in the complaint and supplements, or that he fully appealed the denial of his grievances regarding his need for psychiatric consultation regarding the dosage of his bi-polar medication[2]. Furthermore, there is no grievance attached in which plaintiff stated he has hepatitis C and required monitoring of that condition by a physician. Nor is there a grievance exhibited complaining of denial of legal materials. Instead, there is one "inmate request form" asking for writing materials, and another asking for two Kansas statutes. There is no grievance complaining of the denial of these materials. There is also no grievance complaining of a lack of adequate exercise, sanitation, failure to treat urination problems,

---

[2] It also appears he may have gotten the relief he sought as far as his medication is concerned.

or other general conditions and restrictions in isolation at the GCDC. It follows that plaintiff has not adequately pled total exhaustion.

Plaintiff mentions the grievance process at the GCDC, but does not describe the method of filing grievances and what appeals are available. Plaintiff does not provide copies of any appeals filed by him to any official other than the Chief Jailer. Thus, it is not shown that plaintiff has submitted grievances at all available administrative levels.

Plaintiff shall be given time to adequately plead exhaustion by either providing copies of all the pertinent administrative grievances filed by him and all responses he received to those grievances, or by describing in detail the administrative process he followed and the grievances he filed together with the responses. If plaintiff fails to adequately show full and total exhaustion, the complaint is subject to being dismissed, without prejudice.

**FAILURE TO STATE CLAIM OF DENIAL OF ACCESS**

Plaintiff claims he is being denied access to legal materials, but has not shown exhaustion on this claim. Moreover, he fails to allege sufficient facts to support a claim of denial of access to the courts.

It is well-established that a prison inmate has a constitutional right of access to the courts. However, to state a claim of denial of that right, the inmate must allege something more than that the jail's law library or legal assistance program is inadequate. He must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program

7

hindered his efforts to pursue a legal claim," causing him "actual injury." Lewis v. Casey, 518 U.S. 343, 348, 350 (1996). He must allege actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a non-frivolous legal claim has been dismissed, frustrated or impeded. Id. at 350, 353.

Moreover, providing law library facilities and materials to inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts." Id. at 351, *citing* Bounds v. Smith, 430 U.S. 817, 830 (1977). It follows that the inmate represented by counsel provided by the State in a pending action, is not necessarily entitled to a law library or legal research materials.

Plaintiff will be given time to state what court action or actions he is pursuing or involved in, whether or not he is represented by counsel therein[3], and how his case has been actually impeded by the alleged inadequate access to legal materials.

In sum, plaintiff will be given time to pay the initial partial filing fee of $28.00; and to show cause why this action should not be dismissed for the reasons stated herein. If plaintiff fails to pay the fee or file a timely response, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days from the date of this Order in which to submit an initial partial filing fee of $28.00. Any objections to this fee must be

---

[3] If plaintiff feels he is not being adequately represented before a court he must raise that issue before that court.

filed prior to that date.

**IT IS FURTHER ORDERED** that within the same thirty (30) days plaintiff must show cause why this action should not be dismissed, without prejudice, for failure to adequately plead exhaustion of administrative remedies on all his claims, and for failure to state a claim.

**IT IS SO ORDERED.**

Dated this 14th day of September, 2006 , at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge